MADDOX, Justice
(dissenting).
Safeway Insurance Company of Alabama asks this Court to review a question that I believe is one of first impression: Can a party who obtains a default judgment against a defendant maintain a garnishment proceeding against an insurer, when there is a sub *700 sisting dispute between the insurer and the judgment debtor whether the judgment debt- or is covered under the policy? Stated differently, the question is whether the judgment creditor, the plaintiff who obtained the default judgment, proved that the insurer, Safeway, was indebted to the judgment debt- or, the defendant against whom the default judgment was taken?
The Court of Civil Appeals, under the provisions of Rule 53, affirmed without an opinion. Safeway asserts that it complied with the requirements of Rule 39, Ala. R.App. P., for certiorari review, and, based on my review of the petition and Safeway’s brief, I believe that it did. Consequently, I would grant the writ, because I believe that the petitioner has raised a question of first impression.
I summarize the facts set forth by Safeway pursuant to Rule 39(k), for a better understanding of the underlying dispute and legal issue.
Tessa Owen, the plaintiff, was involved in a “hit-and-run” accident, whereby the guilty party hit her and without stopping left the scene of the accident. Police, aided by an eyewitness to the accident who had gotten the tag number of the hit-and-run vehicle, located the residence of the owner of that vehicle, Ethel Wheeler. At Ms. Wheeler’s residence, the police found her son Broad-head Wheeler getting out of that vehicle. Broadhead was noticeably intoxicated; he was later arrested for public intoxication. It was later determined that Ethel Wheeler had lent the car to her son so that he could run an errand. According to the statement of' facts filed by Safeway pursuant to Rule 39(k), Ms. Wheeler initially notified Safeway that she had been the driver of the vehicle, but she later recanted, informing Safeway that she had lent the vehicle to Broadhead so that he could go for cigarettes.
Safeway further stated in its Rule 39(k) statement of facts that Ms. Wheeler failed to cooperate with Safeway’s investigation, giving false information and not signing a non-waiver agreement so that it could begin investigating Broadhead, who was the actual driver of the vehicle. Safeway subsequently determined that there was no coverage for Broadhead, and it heard nothing else from Ms. Wheeler until October 1991 when it was served with a subpoena for the production of documents. In the meantime, the original plaintiff, Owen, had obtained default judgments against both Ms. Wheeler and Broad-head.[1]
Owen later filed this garnishment proceeding against Safeway, in October 1993. The trial court subsequently held a bench trial and entered a judgment against Safeway for $20,000 plus $2,895.28 in interest. Safeway appealed. The Court of Civil Appeals affirmed, without opinion.
Safeway asserts that it “has denied coverage for Broadhead on the grounds that Broadhead was not an additional insured under the terms of the policy, and even if he was, he committed an intentional act, used the vehicle in the commission of a crime, and used the vehicle during a period in which his license had been revoked.” Safeway further asserts that “[Ms.] Wheeler breached her policy because she failed to forward suit papers to Safeway in order for Safeway to provide her a defense.”
Based on the foregoing, I believe that Safeway’s petition presents a substantial issue relating to whether there was a debtor-creditor relationship in existence between the parties, because the coverage under the insurance policy was in dispute. Furthermore, I do not think that this Court has clearly addressed the specific question presented here — whether a debtor-creditor relationship is created when an indemnifier is called upon to pay a default judgment in a case in which *701 it was never named as a party and where the existence of the debt is controverted. I would grant the petition for certiorari review and consider the legal question presented; consequently, I must respectfully dissent.
HOOPER, C.J., concurs.

. According to Safeway’s statement of facts, Owen in 1991 sued Ms. Wheeler, Broadhead, and Owen’s uninsured motorist carrier, Ohio Security Company. Owen alleged in that action that Broadhead negligently and/or wantonly struck her vehicle, causing her injury, and that Ms. Wheeler had negligently and/or wantonly entrusted the vehicle to Broadhead. Defendants Broadhead and Ms. Wheeler failed to answer the complaint, and a default judgment was entered against them in June 1991, with leave to prove damages. The trial court determined damages at $50,000 in punitive damages and entered a judgment for that amount against Broadhead and Ms. Wheeler.